UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| Randall R. Maddalone and | ) | Case No: 12 B 35993 |
| Lenora J. Maddalone | ) | |
| | ) | Honorable Bruce W. Black |
| Debtor(s), | ) | |
| | ) | |

**Findings of Fact and Conclusions of Law in Support of Order Awarding to InnovaLaw, PC, Attorneys for Trustee, for Allowance and Payment of Compensation and Reimbursement of Expenses.**

| | | | |
|---|---|---|---|
| Total Fees Requested: | $13,383.50 | Total Costs Requested: | $ 25.00 |
| Fees Disallowed: | $    745.00 | Costs Disallowed: | $ 0.00 |
| Total Fees Allowed: | $12,638.50 | Total Costs Allowed: | $ 25.00 |

**Total Fees and Costs Allowed:**    $12,663.50

THE COURT HAS IDENTIFIED THE NOTED TIME AND EXPENSE ENTRIES THAT HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**Unreasonable Time**
The Court denies the allowance in part of compensation for the following task because the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project...An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate." *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987):

Over-charge for court appearances (.3 allowable)          $210.00

**Trustee Work Can Not Be Compensated As Professional Services**
"The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation."*Boldt v. United States Trustee (In re Jenkins),* 130 F.3d 1335, 1341 (9th Cir. 1997) (quoting *In re Prairie Cent. Ry. Co.,* 87 B.R. 952, 959 (Bankr. N.D. Ill. 1988):

Prepared motion to employ real estate broker          $90.00

**No Benefit to the Estate**
The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. ß 330(a)(4)(A). An attorney's internal work to

determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

    Received voicemail from J. Black's clerk, order should be    $30.00
    On Pacer now.

**Duplication of Services**
The Court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(I). Also, when more than one attorney appears in court on a motion or argument or for a conference, no fee should be sought for non-participating counsel. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) ("A debtor's estate should not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary."):

    Review briefs in preparation for hearing on motion to    $385.00
    revoke trust (.5); attend hearing on motion (.5)

**Clerical Work Not Compensable**
The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing. Such activities are considered overhead of the professional and are built into the professional's hourly billing rates. *See In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

    Revise notice addresses for children and file motion    $30.00

    InnovaLaw, PC is hereby awarded an allowance of compensation and expenses as set forth above.

Dated: 6 DEC 2013

Entered:

Bruce W. Black
United States Bankruptcy Court